IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC

    Plaintiff,                                                CASE NO.:

vs.

PLATINUM POOLS AND SPAS, LLC;
DAVID GREINER;
ALFRED MICHAEL HAEFNER;

    Defendant[s]
_____/

## COMPLAINT

Plaintiff IOU sues the Defendants as follows:

1. Plaintiff IOU is incorporated in Delaware, whose principal place of business is located in Georgia which is a citizen of both states per 28 U.S.C. § 1332.

2. Defendant Greiner and Haefner [Debtors] are individuals domiciled in and citizens of Florida, the sole members of Platinum [Business] per 28 U.S.C. § 1332.

3. The Loan at issue was applied for, considered in, funded from and due to be performed in Georgia. It is governed by Georgia law, applicable to all claims at issue, which may be enforced here, as Defendants agreed, who subjected themselves to jurisdiction here with their property and assets. Defendants are related to Debtor and bound by the Loan, per their ratification of the Loan, common ownership of Business, of property secured by the Loan or other conduct in which they participated. It was foreseeable that all Defendants are bound by the Loan, whose rights derive from Debtors/Business as detailed below.

1

### The Parties

4. Defendants conduct their pool <u>business</u> as an enterprise, sharing its name, offices, staff, property, assets, ownership, management and finances. They have authority to act for each other on the transactions, acts and omissions at issue

5. Business/Debtors applied for a commercial Loan [Loan] at Plaintiff's office. They represented in the application that Debtors could bind Business, had the ability and intent to comply with the Loan, whose application information was truthful, upon which Plaintiff materially relied in providing the Loan, which Defendants ratified.

6. <u>Defendants entered into an agreement to obtain the Loan for all of them, which they accepted and adopted, from which they benefitted and ratified.</u>

### The Commercial Loan

7. On or about <u>04/12/22</u> [Closing] Business, through Debtors executed and delivered a Note to Plaintiff for a gross loan amount/principal sum of <u>$134,400.00</u>, at Plaintiff's Georgia office, evidencing this Loan, agreeing they were obtaining it for business and commercial purposes, to pay it per its term; by ACH debits, with simple interest and a loan guaranty fee; confirming all information in the loan application process [Note ¶¶ 1-5] and Defendants adopted and ratified the Note by obtaining this Loan and Funds and their other acts and omissions.

8. The Note is breached and in default if its (i) <u>amounts are not received when due</u>; (ii) Business <u>breaches its warranties, representations, covenants, terms or conditions (iii) default under any guaranty or instrument, to enhance the Loan's underwriting</u>; <u>a bankruptcy, insolvency or receivership proceeding is commenced by or as to either Business and not dismissed within 30 days (iv) either Business ceases to exist (v) obtains another loan without written permission</u> [Note ¶ 6] which Defendants ratified by obtaining the Loan.

9. The Note is the unconditional legal obligation of Debtors/Business to satisfy the Loan, with all others who become liable for it, who assumed, adopted and ratified it and waived defenses to it, aside from payment, as the Note provides:

> *Borrower and all others* who become liable for the payment of all or any part of the amounts due under this Note do hereby severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) *any defense, including but not limited to the defense of the statute of limitations in any action or proceeding brought for the obligations due, arising under or related to this Note aside from the defense of payment in full.* No notice to or demand on Borrower shall be deemed to be a waiver of the obligation of Borrower under this Note or the right of Lender to take further action without further notice to Borrower [Note ¶13].
> Borrower is and shall be obligated to pay principal, interest and any other amounts which shall become payable hereunder *absolutely and unconditionally and without any abatement, postponement, diminution or deduction and without any reduction for counterclaim or setoff* [emphasis added] [Note ¶14].
>
> *Borrower may only assign its rights and obligations under this Note with Lender's written agreement, to which any merger, takeover or combination of Borrower with another entity is subject. However, any person or entity receiving a portion of the Funds of this Note, undisclosed to Lender, is deemed to have assumed liability for the Note, which is enforceable against that person or entity at Lender's sole election and discretion* [Note ¶ 22].

10. The Note is governed by Ga. Law. All others who are or become liable for or are bound by the Loan are subject to jurisdiction and venue in any action arising from or relating to the Loan [Note ¶¶ 20, 23, 24] which Defendants assumed, adopted and ratified by obtaining the Loan or retaining the Loan Funds.

11. The property and assets of Business, with and all others who are or become liable for or are bound by the Loan, are encumbered as its collateral under a Security Agreement in the Note, which Defendants assumed, adopted, accepted, from which they benefited and ratified per their acceptance and retention of the Funds, which provides:

3

  As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: and (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables, (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections thereof and all records and data relation thereto [Note ¶ 21].

12. The Note and Security Agreement are enforceable by remedies such as but not limited to repossession, replevin, judicial foreclosure or prejudgment or provisional ones relating to any collateral, security or property interests of Business and Debtors for debt owed under the Loan [Note ¶ 25] which Defendants adopted and ratified by obtaining the Loan and its Funds.

13. On or about the Closing, each Debtor executed and delivered a Guaranty of the Note and Security Agreement to Plaintiff, again confirming all information in the loan application which Defendants ratified by obtaining the Loan or retaining its Funds.

14. Each Guaranty is breached and in default based on breach and default on its terms or any breach of and default on the terms of the Note [Guaranty p. 1].

15. Each Guaranty reflects the unconditional legal obligations of Debtors to satisfy the Loan, with all others who become liable for the Loan, their estates, executors, administrators, heirs, successors and assigns, such as the other Defendants, which assumed, adopted and ratified it and waived defenses to it aside from payment, which provides:

> In consideration of the loan made by Lender to Borrower, Guarantor hereby *absolutely and unconditionally guarantees both payment of, and collection of, the Guaranteed Debt when due under the terms of the Note. Guarantor will pay the Guaranteed Debt in full, without setoff or counterclaim upon Lender's demand*. [emphasis added] This Guaranty shall not be affected by the genuineness, validity, regularity or enforceability of the Note, or by circumstances relating to the Note that *might otherwise constitute a defense to this Guaranty*. Guarantor acknowledges that there may be more than one Guarantor of the Guaranteed Debt and agrees that, in such circumstances, each Guarantor shall be joint and severally liable for the Guaranteed Debt. [Guaranty ¶ 2].
>
> This Guaranty is a *continuing and irrevocable* guaranty of the Guaranteed Debt and shall remain in full force and effect until the Guaranteed Debt, and any other amounts payable under this Guaranty, are paid in full. This Guaranty shall continue to be effective, or be reinstated, as if such payment had not been made, if at any time any payment of any portion of the Guaranteed Debt is rescinded or must be restored or returned by Lender to Borrower upon the insolvency or bankruptcy of the Borrower or otherwise This Guaranty shall: (i) bind Guarantor and Guarantor's executors, administrators, *successors and assigns*, provided that Guarantor may not assign rights or obligations under this Guaranty without Lender's prior written consent; and (ii) inure to the benefit of Lender and its successors and assign [Guaranty ¶ 3].
>
> *Guarantor and all others* [emphasis added] who become liable for the payment of all or any part of the amounts due under this Note severally waive: (i) presentment and demand for payment; (ii) notice of dishonor, protest and notice of protest, acceleration and intent to accelerate, non-payment and all other notices of any kind, except for notices expressly provided for in this Note; and (iii) *any defense in any action or proceeding brought for the obligations due under this Guaranty aside from the defense of payment in full.* No notice to or demand on Guarantor shall be deemed to be a waiver of the obligation of Guarantor under this Guaranty or the right of Lender to take further action without further notice to Guarantor. [Guaranty ¶ 8].

5

16. <u>All obligations and debts owed by Business to Debtors are subordinated, waived or subject to their obligations to satisfy the Loan</u> [Guaranty ¶¶ 4-5] which Defendants assumed, adopted and ratified by obtaining the Loan or obtaining and retaining the Funds.

17. Each Guaranty is governed by Ga. law. All others who are or become liable for or are bound by the Loan are subject to jurisdiction in any forum in any action arising from or relating to the Loan [Guaranty ¶¶ 10-11] which Defendants ratified by obtaining the Loan/Funds.

18. The property and assets of Business/Debtors, with all others who are or become liable for or are bound by the Loan, are encumbered as its collateral under the Note, Security Agreement and Guarantees, which Defendants ratified, as each Guaranty states:

> Guarantor agrees that the Guaranteed Obligations shall consist of all obligations of any Borrower under the Note, including: (i) the Principal Note Amount and Loan Guaranty Fee; (ii) Note Interest; (iii) Default Interest; (iv) Late Charges, (v) Insufficient Funds Charges; (vi) *the Security Agreement in the Note, which is secured by Guarantor's property to the same extent as the Borrower's property under the Security Agreement and the provisions of which are hereby incorporated by reference against the Guarantor as if the Guarantor had executed the Security Agreement in the Note*; (vii) any amounts owed as a consequence of a declared Event of Default and acceleration by Lender; and (viii) Lender's other costs and expenses of enforcing the Note including, but not limited to, attorneys' fees, and the costs of any court/arbitration proceeding to enforce the Note against Borrower [Guaranty ¶ 1]

19. Plaintiff may enforce the Loan as to Debtor and all others who become liable for and are bound per each the Guaranty, such as all Defendants, with its same methods and remedies in the Note such as the Security Agreement [Guaranty ¶¶ 11, 14, 20].

20. At the Closing, Debtors executed a Debit Agreement with Business to Plaintiff, authorizing Loan payments from their account into Plaintiff's account and Defendants assumed, adopted and ratified the Loan by making payments on them or retaining the Funds.

21. At the Closing, Business/Debtors received the Loan Funds by wire from the Plaintiff's account into their account and Defendants assumed, adopted and ratified the Loan by obtaining and retaining the Funds.

**Breach of the Commercial Loan**

22. Defendants assumed, adopted and ratified the Loan, Note, Guarantees, Security Agreement and Debit Agreement [Instruments] obtaining the Loan, accepting and retaining the Funds. They paid themselves from property and assets of Business secured by the Loan and the Funds, without paying it, from which they benefited. They did not intend to satisfy the Loan.

23. Defendants engaged in the misconduct to benefit themselves and to impair, hinder, delay and prevent enforcement of the Loan, after the Closing, to defraud Plaintiff of its Loan Funds and then its secured interest in the property and assets of the Business.

24. Upon information, Defendants operate as an enterprise as detailed above or as a partnership, who co-mingle, control and share their profits and losses and make contributions to their business, or they conduct each business as their alter-egos, whose corporate formalities are disregarded, which are undercapitalized and cannot satisfy their obligations, requiring their corporate veils or other structure to be pierced to avert this fraud to enforce Plaintiff's paramount equity in their property and assets as shown here.

25. Defendants breached the Instruments after the Closing, which they never cured, including but not limited to ceasing Loan payments, obtaining unapproved loans and conducting the sale of the Business and ensuing bankruptcy, with Plaintiff accelerating the Loan per the default. They retain and never returned the Funds. They remain in default of the Loan. They are subject to the Loan. They did not resolve this matter even after demand by Plaintiff.

### The Secured Commercial Loan and Loan Collateral

26. The Instruments secure and encumber the property and assets of Defendants, such as but not limited to the below, used to operate their enterprise or other business:

(a) Any real and personal property and assets of Defendants including but not limited to that owned or located at 2300 Tall Pines Drive, Largo FL 33771 and 13182 86th Ave, Seminole FL 33776 and 610 Northmoor Ave, N. Street, Petersburg FL 33702.

(b) Any assets secured by other loans of Defendants, satisfied by the Loan into which Plaintiff is subrogated [Prior Loans].

(c) All Defendants "became liable" on the Instruments as "successors/assigns" of Business and Debtors on the Loan, adopted and assumed them. Defendants are closely related to each other. It was foreseeable they are bound by the Loan, whose rights derive from each other.

(d) The properties and assets of Defendants are not subject to a homestead or other protection or exemption, were waived by the Instruments or by their conduct at issue.

(e) The properties/assets of Defendants are subject to any UCC-1 or other notice as to the Loan and subject to jurisdiction here. Plaintiff relied upon the property and assets of Defendants in advancing the Loan.

27. The Instruments, read together, are the commercial Loan, that "absolutely and unconditionally" promises its "payment and collection" [Note ¶¶ 2, 14, Guaranty ¶¶ 1-3]. Debtor/Business and others are "liable for its amounts due" including the other Defendants as their "successors and assigns" who ratified it, to whom it is enforceable [Note ¶¶ 13, Guaranty ¶¶ 3, 8]. They must satisfy it before paying themselves from property and assets of Business [Guaranty ¶¶ 4-5]. It bars their claims, offsets and defenses except payment [Note ¶ 13, 14, Guaranty ¶¶ 2, 8]. It provides for interest, costs, charges and fees [Note ¶¶ 2, 5, 8, 10, Guaranty

¶¶ 1, 7]. It is enforceable by unlimited remedies including on the debt and liens [Note ¶¶ 21, 25, Guaranty ¶¶ 1, 11, 14, 20]. It was ratified by Defendants who obtained and remain subject to the Loan and retain the Funds for which they are liable.

28. Defendants breached and defaulted on the Loan Instruments just after the Closing, failing to disclose their debts or other issues and ceasing Loan payments. They dissipated, disposed of and benefitted from property and assets secured by the Loan such those of Business, who paid themselves instead of the Loan. They did not cure these issues after demand by Plaintiff. These matters require equitable relief as there is no adequate legal remedy.

29. Defendants engaged in their misconduct to impair, hinder, delay and prevent enforcement of the Loan, after the Closing, which they did not cure after demand by Plaintiff.

30. These matters require equitable relief as there is no adequate legal remedy.

31. Plaintiff owns and holds the defaulted Loan and has standing to enforce the Loan before commencing suit, for its principal balance, attorney's fees, pre-judgment interest and other charges provided by law and its terms [Note ¶¶ 2, 5, 7, 8, 9, 10, 12, Guaranty ¶¶ 1, 7].

32. Plaintiff reasonably relied upon the representations of Defendants through Debtor and Business, which closed the Loan and paid them the Funds as a result.

33. Defendants accepted, benefitted from and ratified the Loan but unjustly retain the Funds at Plaintiff's expense with their property and assets.

34. Defendants are indebted to Plaintiff for the Funds for which their property and assets are secured per the Instruments, of which they had knowledge, who are not prejudiced or subjected to injustice by enforcing the Loan as to them.

35. All conditions precedent to suit to occurred, were fulfilled, or waived, or their occurrence or fulfillment were unnecessary or futile.

## COUNT I: ENFORCEMENT OF SECURED INSTRUMENTS
## AS TO ALL DEFENDANTS

36. ¶¶ 1-35 are incorporated.

37. The Instruments are intended to bind all recipients and beneficiaries of the Funds and to secure their property and assets as collateral for the Loan.

38. Defendants assumed, adopted, ratified and benefitted from the Loan by accepting and retaining their Funds and its collateral or by their other acts and omissions, subject to the terms of the Instruments.

39. The Instruments are secured by all property and assets of Defendants, which they assumed, adopted and ratified and for which they are jointly obligated.

40. Plaintiff requires enforcement of the Instruments as to Defendants, their property and assets due to their conduct, including their default upon and breach of the Loan, per the intent of the secured Loan Instruments and equitable principles.

41. Plaintiff requires this equitable relief which will not prejudice Defendants for which there is no adequate legal remedy given these matters.

42. Per 28 U.S.C. §§ 2201, 2001 and applicable law, Plaintiff requests the Court declare and establish Defendants are jointly liable for the Instruments for which their property and assets are secured as collateral, enforceable as a secured lien, equitable lien, constructive trust or like relief, subrogated into any prior satisfied loan, relating back to the Closing, judicially foreclosing Plaintiff's secured lien or other interest in all such property and assets of Defendants, their fixtures, appurtenances, rents, contents and insurance, in which all other claims and interests are inferior, subordinate, barred, foreclosed, quieted to all right, title, interest and equity of redemption, issuing a post-sale writ of possession and of ejectment for Plaintiff or any purchaser, granting all just relief, such as its other relief.

## COUNT II: BREACH OF INSTRUMENTS
## AS TO ALL DEFENDANTS

43.   ¶¶ 1-35 are incorporated.

44.   Defendants consented to and ratified the Instruments by accepting the Funds or by their other acts and omissions, who are liable as co-guarantors and obligors per the Loan.

45.   Defendants breached the Instruments, failed to make payments, who did not otherwise comply with their terms, which are now in default and due.

46.   Plaintiff accelerated the principal balance of its defaulted Instruments of which Defendants were given notice or notice was not required or is futile and the Instruments provide for payment of Plaintiff's attorney's fees and costs.

47.   Per O.C.G.A. § 13-1-11, Defendants are notified unless all principal, interest and charges due under the Instruments are paid within 10 days of service of this Complaint, then Plaintiff can enforce and invoke the fees provisions of the Instruments and Defendants will be indebted for Plaintiff's fees and costs.

48.   Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest with any charges as provided by the Instruments and as provided by law.

49.   Plaintiff demands judgment for its damages on the Instruments as to Defendants plus fees, interest, costs and its other charges, plus all just relief such as its other remedies.

## COUNT III: UNJUST ENRICHMENT
## AS TO ALL DEFENDANTS

50.   ¶¶ 1-35 are incorporated.

51.   Defendants induced and encouraged Plaintiff to confer the Funds upon them through Business and Debtor of which they assumed, adopted and ratified.

52. Plaintiff provided the Funds to Defendants, expecting their repayment, of which they appreciated, consented, benefitted and ratified.

53. Defendants retain the Funds which should be repaid, who are otherwise unjustly enriched by them at Plaintiff's expense.

54. Per O.C.G.A. § 7-4-16, Plaintiff is entitled to prejudgment interest and other costs and charges as provided by law.

55. Per O.C.G.A. § 9-2-7 and applicable law, Plaintiff demands judgment as to Defendants for the Funds, costs and all just relief, such as its other remedies.

## COUNT IV:  MONEY HAD AND RECEIVED
## AS TO ALL DEFENDANTS

60. ¶¶ 1-35 are incorporated.

61. Defendants wrongfully induced payment of the Funds which they received, hold and which rightfully belong to Plaintiff.

62. Defendants should not retain and unjustly enrich themselves with the Funds at Plaintiff's expense to which it is entitled in good conscience and equity.

63. Plaintiff made demand for repayment of the Funds upon Defendants by and/or through Debtor which was refused and/or unnecessary and/or futile.

64. Plaintiff demands judgment as to Defendants for the balance of the Funds, costs and just relief, including its other remedies.

65. Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and are not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 31st day of August 2022.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Florida Bar No. 48815
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@ioufinancial.com
> Attorney for Plaintiff IOU